F. W. SCHULTZ and Another v. PATRICK TALTY and Another.[1]

December 27, 1897.

Nos. 10,787—(205).

Certiorari—Authority of District Court to Issue—G. S. 1894, § 4837, as Amended by Laws 1895, c. 25, and Laws 1897, c. 7.

By Laws 1895, c. 25, the legislature amended G. S. 1894, § 4837, .relating to the powers and jurisdiction of district courts, by omitting the word "certiorari" from that section. By Laws 1897, c. 7, the section was again amended by replacing the word so omitted. Held, between the times of the passage of these two amendments, the district court had no authority to issue writs of certiorari.

[1] Reported in 73 N. W. 521.

Appeal by defendant, as administrator of Oliver E. Wilber, deceased, and another from an order of the district court for Martin county, Quinn, J., reversing an order of the probate court for Martin county. The facts are stated in the opinion. Reversed.

*Voreis & Mathwig,* for appellants.

*Ward, Dunn & Ward,* for respondents.

CANTY, J.

One Wilber, a resident of this state, died February 1, 1896. Letters of administration were issued on his estate by the probate court March 11, 1896, and on the same day an order was made by the court limiting the time in which to file claims against the estate to six months from that date. The time expired, and thereafter on October 19, 1896, F. W. and Louise Schultz made application to the court for leave to file their claim against the estate and to have the same heard and allowed. On December 18, 1896, the court heard the application and denied it. Thereupon the claimants applied to the district court for a writ of certiorari to review the order of the probate court denying the application; the writ was issued January 27, 1897; was served January 28, and returned and filed with the clerk February 7, 1897. The probate court filed its return to the writ, the matter came on for hearing, and on July 20, 1897, the district court filed its order reversing the order of the probate court, and directing it to allow the claim to be filed, and to allow the claimants to offer proof of the same on proper notice. From the order of the district court the administrator and the judge of the probate court appeal to this court.

The only question which it is necessary to consider is that urged by the appellants, that, at the time the writ of certiorari was issued, the district court had, under the statute, no authority to issue such a writ. G. S. 1894, § 4837, provided as follows:

"The said (district) courts in term-time, and the said judges thereof in vacation, have power to award throughout the state, returnable to the proper county, writs of injunction, ne exeat, certiorari and all other writs or processes necessary to the perfect exercise of the powers with which they are vested, and the due administration of justice."

By Laws 1895, c. 25, this section was amended by inserting after "proper county" the words, "any and all writs necessary for the abatement of any nuisance," and by omitting the word "certiorari" where it apeared in the section.   By Laws 1897, c. 7, approved February 5, 1897, this section was again amended by inserting the word "certiorari" in the place from which it had been so omitted.

It may be conceded that, if the statute had been passed originally in the form in which it stood during the interim between the passage of the amendment of 1895 and the passage of the amendment of 1897, the district court would have had authority under it to issue writs of certiorari.   But by the amendment of 1895 the word "certiorari" was omitted from the statute, and it must be held that this was done for a purpose.   That purpose could have been none other than to deprive the district court of authority to issue writs of certiorari.   Then at the time the writ of certiorari here in question was issued and served, the district court had no authority to issue it, and no such authority was conferred by the statute for eight or nine days thereafter.   For this reason the order appealed from should be reversed, and the case remanded to the court below, with directions to dismiss the writ of certiorari and all proceedings had under it.

It is so ordered.